UNITED STATES DISTRICT COURT
SOUTH DISTRICT OF FLORIDA

CASE NO. 25-cv-24762-JB

ERIC SCHULTZ,
          Plaintiff,


vs.


CITY OF MIAMI BEACH, FLORIDA,
a Florida municipal corporation,
          Defendant.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, ERIC SCHULTZ, by and through his undersigned counsel and in accordance with Rule 7, Fed.R.Civ.P. and Local Rule 7.1, submits this Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law and states as follows:

1.      Plaintiff filed his Amended Complaint [DE 12] on December 1, 2025, setting forth five counts against Defendant: Count I asserts a claim for violation of the Americans with Disabilities Act based on a prohibited medical inquiry, Count II alleges a violation of the Americans with Disabilities Act based on "regarded as" discrimination, Count III alleges retaliation in violation of the Americans with Disabilities Act, Count IV sets forth a Title VII Race discrimination claim, and Count V sets forth an Age discrimination claim under the Age Discrimination and Employment Act.

2.      Defendant filed its Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law [DE 13] on December 14, 2025 asserting that Plaintiff has failed to state a claim upon which relief can be granted as to all counts.

3.      Based on the arguments asserted herein, Plaintiff respectfully asserts that he has properly pled his claims and Defendant's motion should be denied.  Alternatively, should this court determine otherwise as to any of the counts, Plaintiff would request that he be afforded an opportunity to amend and further plead his claims.

**MEMORANDUM OF LAW**

Rule 8(2)(a), Fed.R.Civ.P., provides in pertinent part that a pleading must contain "a short and plaint statement of the claims showing that the pleader is entitled to relief.  Applying this standard, the Supreme Court has explained the complaint "must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Moreover, in order to survive a motion seeking dismissal based on failure to state a claim, a complaint does not need to contain "detailed factual allegations," rather it must contain sufficient factual allegations to suggest the required elements of a cause of action.  Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).  More succinctly stated, the complaint should set forth "enough facts to state a claim to relief that is plausible on its face." Id.  Plaintiff respectfully asserts that his claims have been sufficiently pled and the motion to dismiss should be denied.

I.      **Plaintiff has properly pled Counts I and II because he has alleged a prohibited medical inquiry.**

Count I of Plaintiff's Amended Complaint alleges a violation of the Americans with Disabilities Act based on Defendant requiring Plaintiff to undergo a prohibited medical inquiry. Defendant asserts Plaintiff has failed to plead a claim for a prohibited medical inquiry under the ADA because Defendant's actions were not unlawful.  Plaintiff further misconstrues the factual allegations in the Amended Complaint when it asserts that it is Plaintiff's position that he cannot be required to

attend a fitness for duty unless he requests a reasonable accommodation.  Rather, Plaintiff simply states that he did not request an accommodation to make it clear that the ADA accommodation meeting was solely at the behest of the Defendant.  Defendant's argument asserts facts contrary to Plaintiff's allegations and, as set forth above, the standard of review at this juncture is whether Plaintiff has set forth a viable cause of action in his Amended Complaint.  For the reasons set forth below, Defendant's argument must fail.

42 USC §12112(d)(4)(A) provides:

> A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability of as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity.

Further, it is clear that an employee may raise a claim under this provision even if that individual does not have a disability, as in the instant case.  Russell v. City of Mobile Police Department, 555 Fed. Appx. 905, 906 (11th Cir. 2014).

In its motion, Defendant takes issue with Plaintiff's amended pleading which removed specific reference to a letter when alleging that Plaintiff's requirement that he attend a fitness for duty examination.  Notwithstanding the letter Defendant attaches to its motion, which is outside the four corners of the Amended Complaint, it does nothing except create an issue of fact more appropriately argued at the summary judgment phase.  Plaintiff's factual allegations properly state a claim against the City when it conducted a prohibited medical inquiry and required Plaintiff to undergo a medical examination in violation of the ADA.

Plaintiff has alleged that he was required to attend an ADA accommodation meeting when he had not requested any accommodation.  See DE 12 ¶10. Then, during that ADA accommodation meeting and upon inquiry, Plaintiff advised he did not need any accommodation to perform the

-3-

essential functions of his job.  *See* DE 12 ¶11.  Plaintiff then alleges that he was required to attend a Fitness for Duty examination without any "reasonable belief based on objective facts that Plaintiff was unable to perform the essential functions of his job" and it was "not job-related nor consistent with business necessity."  *See* DE 12 ¶12.  Plaintiff respectfully asserts these allegations are sufficient to meet the pleading requirement under the rules.  Further, the City's letter regarding alleged observed mobility issues of Plaintiff, at most, only serves to create an issue of fact regarding Count 1.

To the extent Defendant also argues that Count II is without merit based on its misconstrued interpretation of the stated facts, this argument must fail.  Count II is a claim for disability discrimination based on "regarded as" or "perceived" disability.  As more thoroughly discussed below, the fact that Defendant scheduled and conducted an unsolicited meeting to discuss whether Plaintiff needed any accommodations demonstrates that he was "regarded as" disabled and subjected to disability discrimination in violation of the ADA.

## II.     Plaintiff has properly pled a *prima facie* case of "regarded as" discrimination under the ADA.

Count II of Plaintiff's complaint alleges that he was subjected to disability discrimination in contravention of the ADA when he was "regarded as" disabled by Defendant.  In its Motion, Defendant argues Plaintiff has not properly pled a claim for "regarded as" disability discrimination in that it did not "engage" in any acts prohibited by the ADA.  These arguments ignore the allegations in Plaintiff's Amended Complaint.

As set forth in D'Angelo v. Conagra Foods, Inc., 422 F.3d 1220, 1225 (11th Cir. 2005):

> ...to establish a prima facie case of employment discrimination under the ADA, a plaintiff must demonstrate "that (1) he has a disability, (2) he is a "qualified individual," which is to say, able to perform the essential functions of the employment position that he holds or seeks with or without reasonable accommodation, and (3) the defendant unlawfully discrimination against him because of the disability."

*citing Reed v. The Heil Co.,* 206 F.3d 1055, 1061 (11th Cir.2000).

42 USC §12102(1) defines disability and states:

The term "disability" means, with respect to an individual—
(A)a physical or mental impairment that substantially limits one or more major life activities of such individual;
(B)a record of such an impairment; or
(C)being regarded as having such an impairment (as described in paragraph (3)).

Paragraph 3 of 42 USC §12102 further explains "regarded as" disabilities and explains:

(3)Regarded as having such an impairment
For purposes of paragraph (1)(C):
(A)An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.
(B)Paragraph (1)(C) shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less.

These types of discrimination cases have been explained:

The Supreme Court has explained that " a person is 'regarded as' disabled within the meaning of the ADA if a covered entity mistakenly believes that the person's actual, nonlimiting impairment substantially limits one or more major life activities." *Murphy v. United Parcel Service, Inc.* 527 U.S. 516, 521-22. 119 S.Ct. 2133, 144 L.Ed.2d 484 (1999); *see also Hilburn v. Murata Elecs. N. Am.*, 181 F.3d 1220, 1230 (11th Cir. 1999) ("As with actual disabilities, a perceived impairment must be believed to substantially limit a major life activity of the individual.") Thus, "[a]n employer runs afoul of the ADA when it makes an employment decision based on a physical or mental impairment, real or imagined, that is regarded as substantially limiting a major life activity." *Sutton*, 527 U.S. at 490, 119 S.Ct. 2139.

D'Angelo, *supra* at 1228.

In this case, a review of Plaintiff's allegations clearly demonstrate that he was "regarded as" disabled when the City unilaterally scheduled a meeting to inquire if he needed a disability "accommodation", which constituted a prohibited medical inquiry, then sent him for a Fitness For

Duty Examination. As alleged in the Complaint, Plaintiff believes Defendant "regarded" him as having mobility issues and was allegedly concerned with his ability to drive a car, which are both major life activities. He then was prohibited from working overtime for over six (6) months which going through this prohibited medical examination. As such, Plaintiff has stated a claim for disability discrimination in Count II of his Amended Complaint.

### III.  Plaintiff has properly pled a *prima facie* case of Retaliation under the ADA in Count III.

Count III of Plaintiff's complaint alleges that he was subjected to retaliation in violation of the ADA after having engaged in protected activity. Defendant's motion argues that Plaintiff's objection to the Fitness for Duty examination was not protected activity because the examination was not unlawful and that there was no causal connection between the protected activity and the adverse action. As is explained below, these arguments are without merit.

The ADA expressly prohibits discrimination against one who opposes any action that is unlawful under the Act. 42 USC §12203(a). ADA retaliation is assessed under the same framework as Title VII retaltiation: "To establish a *prima facie* case of retaliation, a plaintiff must show: (1) statutorily protected expression; (2) adverse employment action; and (3) a causal link between the protected expression and the adverse action." Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1287 (11th Cir. 1997). Defendant's argument appears to only challenge the first and third prongs of the analysis.

A review of Plaintiff's allegations demonstrate he has alleged that he engaged in protected activity during the ADA accommodation meeting, which included the prohibited medical inquiry, and he objected to the fact he was being "regarded as" disabled. DE 12 at ¶11. Then, after being scheduled for the Fitness for Duty examination, Plaintiff's union and private counsel conveyed

Plaintiff's objections to the prohibited medical inquiry and examination (upon which "Defendant did not have a reasonable belief based on objective facts that Plaintiff was unable to perform the essential functions of his job.")  DE 12 at ¶12, 13.  It is these objections that are pled as the protected activity in Plaintiff's complaint and form the basis for Count III.  DE 12 at 15, 36.  As to Plaintiff's assertion that there was no unlawful activity under the ADA, this is clearly contrary to the allegations in Plaintiff's complaint, which for the purposes of a considering a motion to dismiss, must be accepted as true.

As to the third prong, a causal connection, Plaintiff has sufficiently alleged a causal connection in his Amended Complaint.  Plaintiff has alleged that he was required to attend the ADA accommodation meeting on March 16, 2023 and on March 29, 2023 the City advised he was being required to attend a Fitness for Duty examination on April 12, 2023.  During this time period that he was subjected the prohibited medical inquiry, over 6 months, he was transferred from the Front Desk to a room with a Close Captioned TV, prohibited from working any overtime (he previously worked 60-80 hours of overtime per 2 week pay period) and issued written disciplinary action. This is sufficient to allege causation.

As to Defendant's argument that Plaintiff has to specifically plead that the decision-makers had knowledge, the cases cited involve motions for summary judgment, not the pleading stage.  The facts as to who the decision-makers are developed and discovered during the discovery process. Moreover, as explained in Brungart v. Bellsouth Telecommunications, Inc., 231 F.3d 791, 799 (2000): "The general rule is that close temporal proximity between the employer's protected conduct and the adverse employment action is sufficient circumstantial evidence to create a genuine issue of material fact of a causal connection."  It logically follows that at the pleading stage, temporal proximity if

sufficient to create the inference and Defendant's argument should be reserved for summary judgment. Thus, Plaintiff's allegations are sufficient to demonstrate a causal connection for the third prong of the retaliation claim and are sufficient to withstand this motion to dismiss.

### IV.     Plaintiff has properly pled a *prima facie* case for disability, race and age discrimination in Counts II, IV, and V.

Defendant's final argument is that Plaintiff has not pled a *prima facie* case for discrimination in Counts II, IV and V. Specifically, Defendant asserts that for each of these claims, Plaintiff has failed to plead the fourth prong of an employment discrimination claim based on circumstantial evidence, specifically, the existence of a comparator. Defendant's argument fails as addressed below.

First, as to Count II, this claim is a "regarded as" discrimination claim and, as set forth above, Plaintiff has pled all elements of a "regarded as" discrimination claim. Plaintiff does not agree with Defendant's analysis of Count II under the circumstantial evidence standard. This claim is properly analyzed under the case law cited above as the allegations are that Defendant "regarded" Plaintiff as disabled when it scheduled him for an Accommodation Meeting (without any request for an accommodation) and a Fitness For Duty examination in direct contravention of the ADA. Thus, this additional argument regarding Count II is without merit.

Next, Plaintiff will address Defendant's argument as to Count IV, his Title VII claim of Race discrimination, and Count V, his age discrimination claim under the ADEA. Defendant seems to argue that Plaintiff has failed sufficiently allege similarly situated comparators. This assertion is made despite the fact that Plaintiff has provide several named employees, who are law enforcement officers, and are similarly situated to Plaintiff. A review of the abundant case law cited by Defendant supports Plaintiff's position that his allegations are sufficient.

As set forth in <u>Borenstein v. Williams Island Property Owners Association, Inc.</u>, 2019 WL

1406466 (S.D. Fla. 2019) and <u>Ashmore v. Federal Aviation Administration</u>, 2011 WL 3915752 (S.D. Fla. 2011), in order to survive a motion to dismiss, a plaintiff must identify at least one individual outside his protected class who was similarly situated and not subjected to the discriminatory treatment or adverse actions.  Plaintiff respectfully asserts he has identified multiple individuals employed by Defendant to meet this requirement.  In addition to providing names of the comparators, he has alleged that they are "similarly situated in all respects" as law enforcement officers, are not of his Race, Caucasian, nor over the age of 40 and have not been subjected to the same adverse actions as Plaintiff.  DE 12 at ¶¶42, 48 Interestingly, Defendant takes issue with Plaintiff not also stating that they are of the rank "Police Officer" which should be inferred from the allegation that they are "similarly situated in all respects."  Plaintiff respectfully asserts that his allegations in Counts IV and V are sufficient to state his claims.  However, should the Court determine the allegations are not sufficient, Plaintiff should be afforded the opportunity to amend and clarify these issues.

WHEREFORE, it is respectfully requested that this Honorable Court enter an Order denying Defendant's Motion to Dismiss.  Alternatively, should the court determine Plaintiff has not properly pled the facts to support his claims, that Plaintiff be granted leave to amend.

Respectfully Submitted,

TERI GUTTMAN VALDES LLC
Counsel for Plaintiff
1501 Venera Avenue, Suite 300
Coral Gables, Florida 33146
Telephone: (305) 740-9600


By:      /s/Teri Guttman Valdes
         Teri Guttman Valdes
         Florida Bar No. 0010741