UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:25-cv-24762-JB

**ERIC SCHULTZ**,

      Plaintiff,

vs.

**THE CITY OF MIAMI BEACH, FL**,
a Florida municipality,

      Defendant.

_____/

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, THE CITY OF MIAMI BEACH, FL ("City"), through its counsel and pursuant to Southern District of Florida Local Rule 7.1(c)(1), files its Reply to Plaintiff's Response In Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law, and in support states the following:

### PRELIMINARY STATEMEMNT

1.      This is an employment discrimination case.

2.      On December 1, 2025, Plaintiff filed his five-count Amended Complaint ("Complaint") [DE 12].

3.      On December 14, 2025, Defendant filed its Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law ("Defendant's Motion" or "Motion") [DE 13].

1

4. On January 6, 2026, Plaintiff filed his Response in Opposition to Defendant's Motion ("Plaintiff's Response" or "Response") [DE 13].

5. The Court should dismiss Counts I and II because Plaintiff does not substantively rebut the fact that there was no prohibited medical inquiry under the ADA.

6. The Court should dismiss Count III because Plaintiff did not engage in any protected activity and even if he did, Plaintiff does not plead any facts establishing a causal connection between the alleged protected activity and any alleged adverse action.

7. Finally, the Court should dismiss Counts IV and V because Plaintiff does not plead facts sufficiently identifying similarly situated employees who were treated more favorably.

**ARGUMENT AND CITATION OF AUTHORITY**

**POINT I**

**THE COURT SHOULD DISMISS COUNTS I AND II BECAUSE PLAINTIFF DOES NOT SUBSTANTIVELY REBUT THAT THERE WAS NO PROHIBITED MEDICAL INQUIRY.**

The gravamen of Plaintiff's argument that Counts I and II should survive is that: (1) the Letter attached as Exhibit A to Defendant's Motion [DE 13-1] creates an issue of fact for resolution at summary judgment; and (2) Plaintiff was required to attend a fitness for duty meeting solely at the behest of Defendant and "without any 'reasonable belief based on objective facts that Plaintiff was unable to perform the essential functions of his job' and it was 'not job-related nor consistent with business necessity.'" *See* DE 17, pp. 3-4. Plaintiff does not substantively rebut the City's arguments for dismissal.

"Under the ADA, an employer 'shall not require a medical examination and shall not make inquiries of an employee as to whether such an employee is an individual with a disability

2

or as to the nature or severity of the disability, unless such examination is shown to be job-related and consistent with business necessity.'" *Lyons v. Miami-Dade County*, 791 F.Supp.2d 1221, 1227 (S.D. Fla. 2011) (*citing* 42 U.S.C. § 12112(d)(4)(A)). "Employers 'may make inquiries into the ability of an employee to perform job-related functions.'" *Id*. (*citing* 42 U.S.C. § 12112(d)(4)(B)). The ADA allows the City to make inquiries into the ability of Plaintiff to perform job-related functions, irrespective of whether he requests an accommodation. *See Lyons*, 791 F.Supp.2d at 1227 (*citing* 42 U.S.C. § 12112(d)(4)(A-B)). The ADA does not require an employee accommodation request as a pre-requisite for an employer inquiry as to whether an employee can safely perform job-related functions. *See* 42 U.S.C. § 12112(d)(4)(A-B).

**Plaintiff Does Not Substantively Rebut the City's Arguments For Dismissal of Counts I and II**

"Generally, the failure to respond to the merits of a request for dismissal of a Plaintiff's claims would serve as a concession that the request is due to be granted." *Negreanu v. Starbucks Corp.*, Case No. 8:22-cv-2421-CEH-SPF, 2024 WL 810857, at *2 (M.D. Fla. Feb. 27, 2024) (*citing Guzman v. City of Hialeah,* Case No. 15-23985-CIV-GAYLES, 2016 WL 3763055, at *3 (S.D. Fla. July 14, 2016) ("A plaintiff who, in her responsive brief, fails to address her obligation to object to a point raised by the defendant implicitly concedes that point.")); *see also Covington v. Arizona Beverage Co., LLC,* Case No. 08-21894-CIV-SEITZ/O'SULLIVAN, 2009 WL 10668916, at *6 (S.D. Fla. Sept. 11, 2009) ("Plaintiff has tacitly conceded the merits of Defendants' argument by not responding to it.").

Plaintiff's sole argument regarding the Letter (which Plaintiff attached to his first Complaint) is that it merely creates an issue of fact. Plaintiff is incorrect. More to the point, Plaintiff does not address the substance of the Letter relative to the allegations in his Complaint.

3

The Letter states that: (1) both Police Management and HR personnel observed Plaintiff's mobility issues; (2) the City was concerned about Plaintiff's ability to safely perform the essential functions of the job of a Police Officer; and (3) the City was specifically concerned about Plaintiff's ability to safely operate City vehicles (i.e. a police car). *See* DE 13-1.

First, Plaintiff does not contest that the Letter corroborates his allegation that the basis for his fitness for duty examination was the City's concern that he could not, among other things, safely operate City vehicles. *See* DE 12 ¶ 17; *see also* DE 13-1.

Second, Plaintiff does not contest that the City's concerns about Plaintiff relate to his ability to perform job related functions.

Third, the Letter does not create an issue of fact because Plaintiff never argues that the City's stated reasons in the Letter for the fitness for duty examination were false. *See generally* DE 1, 12, 17.

The ADA does not prohibit the City from inquiring whether Plaintiff can safely perform the essential functions of his job as a Police Officer. Plaintiff has not pled a single fact, or raised an argument that rebuts the City's basis for sending him for a fitness for duty examination. Therefore, the Court should dismiss Counts I and II.

### POINT II

**THE COURT SHOULD DISMISS COUNT II BECAUSE PLAINTIFF DOES NOT ESTABLISH A PRIMA FACIE CASE OF "REGARDED AS" DISCRIMINATION UNDER THE ADA.**

In "regarded as" cases, like this one, Plaintiff must plead facts showing that the City knew that he had an actual impairment or perceived him to have such an impairment at the time of the adverse employment action. *See Gombosh v. University of Miami*, Case No. 21-23525-CIV-LENARD/LOUIS, 2022 WL 18584337, at *6 (S.D. Fla. Mar. 8, 2022).

"An individual can satisfy the "regarded as" definition if [he] can establish that [he] 'has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.'" *Mayorga v. Alorica*, Case No. 12-21578-CIV, 2012 WL 3043021, at *8 (S.D. Fla. Jul. 25, 2012) (*citing* 42 U.S.C. § 12102(3)(A)). The relevant inquiry is not about Plaintiff's actual condition, but rather how the City perceived his condition, including the reactions and perceptions of the persons interacting or working with him. *See Mayorga*, 2012 WL 3043021, at *8 (*citing Davis v. Vt. Dep't of Corr.,* No. 11–CV–164, 2012 WL 1269123, at *7 (D. Vt. Apr. 16, 2012)).

Plaintiff's sole argument against dismissal of Count II is that "he was 'regarded as' disabled when the City unilaterally scheduled a meeting to inquire if he needed a disability 'accommodation', which constituted a prohibited medical inquiry, then sent him for a Fitness For Duty Examination." *See* DE 17, pp. 5-6.

The City incorporates in full herein the arguments from Point I above. The Court should dismiss Count II.

**POINT III**

**THE COURT SHOULD DISMISS COUNT III BECAUSE PLAINTIFF DOES NOT ESTABLISH A PRIMA FACIE CASE OF RETALIATION UNDER THE ADA.**

"A statutorily protected activity for the purposes of an ADA retaliation claim is 'oppos[ing] any act or practice made unlawful by this [the ADA].'" *Ramos v. University of Miami*, Case No. Case No. 21-cv-22151-BLOOM/McAliley, 2021 WL 4949160, at *5 (S.D. Fla. Oct. 25, 2021) (*citing* 42 U.S.C. § 12203(a)).

**Plaintiff Did Not Engage In Protected Activity**

The basis of Plaintiff's claim for retaliation is that he objected to the fitness for duty examination. *See* DE 12 ¶¶ 13, 36. Plaintiff does not overcome the fact that the fitness for duty examination was not unlawful under the ADA. As such, Plaintiff's objections are not protected activity since he did not object to an unlawful practice under the ADA. *See Ramos*, 2021 WL 4949160, at *5 (*citing* 42 U.S.C. § 12203(a)). Instead of addressing the issue that Plaintiff did not object to an unlawful practice under the ADA, Plaintiff just reiterates the facts establishing his objections. *See* DE 17, pp. 6-7. This is not enough to overcome Defendant's Motion. Accordingly, the Court should dismiss Count III.

**There Is No Causal Connection**

To establish a causal connection, Plaintiff must plead facts demonstrating "'that the protected activity and the adverse action were not *wholly unrelated*.'" *Su v. Broward County, Florida*, Case No. 0:23-CV-61385-CIV-DIMITROULEAS, 2024 WL 1236243, at *6 (S.D. Fla. Mar. 1, 2024) (*citing Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1180 n. 30 (11th Cir. 2003)). Plaintiff must also plead facts showing that the decision-makers were aware of the protected conduct at the time of the adverse employment action. *See Gonzalez v. Spitzer Autoworld Homestead, Inc.*, 672 F.Supp.3d 1252, 1276 (S.D. Fla. 2023) (*citing Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000)).

First, Plaintiff does not address the City's argument in footnote 1 of its Motion that the alleged Written Warning cannot serve as a basis for an adverse action because Plaintiff does not plead how he suffered any tangible harm because of the alleged Written Warning. *See Espana v. Computer Aid, Inc.*, Case No. 16-cv-81697-Brannon, 2018 WL 3413025, at *4 (S.D. Fla. Jun. 13, 2018) (*citing Summerlin v. M&H Valve Co.*, 167 Fed. Appx. 93, 97 (11th Cir. 2006)). Since

this argument is unrebutted, the Court should disregard any allegations relating to the Written Warning.

Second, Plaintiff's Response merely reiterates the alleged adverse actions he suffered. It does not address Defendant's argument that there are no facts connecting the alleged adverse actions to the protected activity.

Third, it is unrebutted that Plaintiff does not plead any facts that any decision-maker was aware of Plaintiff's protected activity.

Accordingly, there is no causal connection, and the Court should dismiss Count III.

## POINT IV

### THE COURT SHOULD DISMISS COUNTS IV AND V BECAUSE PLAINTIFF DOES NOT PLEAD A PRIMA FACIE CASE FOR RACE OR AGE DISCRIMINATION.[1]

The Court should dismiss Counts IV and V because Plaintiff does not sufficiently plead the existence of similarly situated employees.

"[A] comparator should, generally, have (1) engaged in the same basic conduct (or misconduct); (2) been subject to the same employment policy, guideline, or rule; (3) been under the jurisdiction of the same supervisor; and (4) shared a similar employment or disciplinary history to the plaintiff." *Robert v. City of Boca Raton*, Case No. 18-81227-CIV-SINGHAL/MATTHEWMAN, 2021 WL 4517475, *10 (S.D. Fla. Sept. 30, 2021) (*citing Hester v. Univ. of Alabama Birmingham Hospital*, 798 Fed.Appx. 453, 457 (11th Cir. 2020) (*quoting Lewis*, 918 F.3d at 1227–28)).

---

[1] Defendant withdraws its argument for dismissal of Count II based on the arguments made in Point IV of its Motion [DE 13].

In short, Plaintiff must identify a comparator outside of his protected class who was similarly situated in all material respects yet was treated more favorably under the same circumstances. *See Robert*, 2021 WL 4517475, *10 (*citing Lewis*, 918 F.3d at 1227–28).

In determining whether a comparator is similarly situated, courts must inquire whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways. *See Rioux v. City of Atlanta*, 520 F.3d 1269, 1280 (11th Cir. 2008). To be "similar" the conduct at issue must be nearly identical. *See id*. "Misconduct merely 'similar' to the misconduct of the disciplined plaintiff is insufficient." *Id*.

Conclusory allegations are insufficient to establish, even at the motion to dismiss stage, that there were similarly situated employees outside the protected classes that were treated more favorably. *See Jackson v. Bellsouth Telecommunications, Inc.*, Case No. 00-7558-CIV, 2002 WL 34382751, at *7 n.5 (S.D. Fla. June 4, 2002) (finding conclusory allegations of comparators outside protected class insufficient).

While Plaintiff does provide the names of alleged similarly situated employees, he provides almost nothing else to satisfy his pleading requirement. There are no facts about how the alleged comparators are similarly situated. Specifically, there are no facts about whether the alleged comparators engaged in the same basic conduct (or misconduct); were subject to the same employment policy, guideline, or rule; were under the jurisdiction of the same supervisor; and/or shared a similar employment or disciplinary history to Plaintiff. *See Robert*, 2021 WL 4517475, *10.

Ultimately, Plaintiff does not plead a single fact establishing that the alleged named comparators are in fact similarly situated, other than his conclusory allegation that they are so, and his Response does nothing to refute this argument. Since Plaintiff does not plead sufficient

8

facts identifying employees of the same rank who engaged in the same or similar conduct as Plaintiff but were treated more favorably, the Court must dismiss Counts IV and V.

**POINT V**

**THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR LEAVE TO AMEND COUNTS IV AND V BECAUSE IT IS NOT PROPERLY BEFORE THE COURT.**

"Pursuant to Rule 7, and Eleventh Circuit precedent, a request for affirmative relief must be presented to the Court in a motion." *C.K. v. Wyndham Hotels and Resorts, Inc.*, Case No. 3:19-cv-1412-J-34MCR, 2020 WL 13356463, *1 (M.D. Fla. Mar. 25, 2020) (*citing* Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion.")). Accordingly, "a request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion." *C.K.*, 2020 WL 13356463, at *1 (*citing Rosenberg v. Gould*, 554 F.3d 962, 965 (11th Cir. 2009) (stating that a request for leave to file an amended complaint imbedded within an opposition memorandum is not raised properly)); *see also Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999); *Davidson v. Maraj*, 609 F. App'x 994, 1002 (11th Cir. 2015) ("It has long been established in this Circuit that a district court does not abuse its discretion by denying a general and cursory request for leave to amend contained in an opposition brief.").

"[T]he proper method to request leave to amend is through filing a motion, and such motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *C.K.*, 2020 WL 13356463, at *1 (*citing Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015)); *see also Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018) ("When moving the district court for leave to amend its complaint, the plaintiff must 'set forth the substance of the proposed

amendment or attach a copy of the proposed amendment' to its motion." (*quoting Cita Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018))); *McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles*, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment).

The foregoing "makes sense because without knowing the substance of a plaintiff's proposed amendment, a court would be unable to determine whether the plaintiff could amend the complaint to cure a defective claim." *C.K.*, 2020 WL 13356463, *1 (*citing U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1362 (11th Cir. 2006) ("[A] plaintiff should not be allowed to amend [her] complaint without showing how the complaint could be amended to save the meritless claim.")).

On page eighteen of his Response, Plaintiff requests leave to amend Counts IV and V. The Court should deny Plaintiff's request for leave to amend because it is not properly made when simply included in his Response. *See C.K.*, 2020 WL 13356463, at *1.

## CONCLUSION

Based on the foregoing, the City respectfully requests the Court grant its Motion in its entirety and dismiss Plaintiff's Complaint.

Respectfully submitted,

By: /s/*Michael L. Elkins*
Michael L. Elkins, Esq.
Florida Bar No. 523781
melkins@mlelawfirm.com
**MLE LAW**
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
Telephone: 954.401.2608
*Counsel for Defendant*

10

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on January 13, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Michael L. Elkins*
Michael L. Elkins

## SERVICE LIST

CASE NO.: 1:25-cv-24762-JB

Teri Guttman Valdes
tgvaldes@aol.com
**TERI GUTTMAN VALDES, LLC**
1501 Venera Avenue, Suite 300
Coral Gables, FL 33146
Tel.: 305-740-9600
*Counsel for Plaintiff*