UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:25-cv-24762-JB

**ERIC SCHULTZ**,

      Plaintiff,

vs.

**THE CITY OF MIAMI BEACH, FL**,
a Florida municipality,

      Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS COUNT III
OF PLAINTIFF'S SECOND AMENDED COMPLAINT
WITH PREJUDICE, MOTION TO STRIKE PLAINTIFF'S
CLAIMS FOR DAMAGES AND RELIEF UNDER TITLE VII AND
DAMAGES UNDER THE ADEA AND INCORPORATED MEMORANDUM OF LAW**

Defendant, THE CITY OF MIAMI BEACH, FL ("City"), through its counsel and pursuant to Federal Rules of Civil Procedure 12(f) and 12(b)(6), files its Motion to Dismiss Count III of Plaintiff's Second Amended Complaint With Prejudice, Motion to Strike Plaintiff's Claims for Damages and Relief Under Title VII and Damages Under the ADEA and Incorporated Memorandum of Law, and in support states the following:

**PRELIMINARY STATEMENT**

1.      This cases arises solely under the Americans With Disabilities Act ("ADA").

2.      On October 16, 2025, Plaintiff filed his six-count complaint ("Original Complaint") [DE 1].

3.      On November 13, 2025, the City filed its Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law [DE 10].

1

4.      On December 1, 2025, Plaintiff filed his five-count Amended Complaint ("Complaint") [DE 12].

5.      Counts I-III were based on the ADA, Count IV was based on Title VII and Count V was based on the Age Discrimination in Employment Act ("ADEA"). *See id*.

6.      On December 14, 2025, Defendant filed its Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law [DE 13] ("Motion").

7.      On February 26, 2026, this Court entered its Paperless Order [DE 23] granting in part and denying in part Defendant's Motion.

8.      Specifically, the Court denied the Motion as to Counts I and II, and granted the Motion as to Counts III, IV, V. *See* DE 23.

9.      On March 17, 2026, Plaintiff filed his three-count Second Amended Complaint [DE 25].

10.     Just like its predecessor, Counts I–III of the Second Amended Complaint are claims pursuant to the ADA.

11.     Specifically, Plaintiff alleges that the City conducted a prohibited medical inquiry (Count I), regarded him as disabled (Count II), and retaliated against him (Count III).

12.     Plaintiff abandoned his Title VII and ADEA Counts.

13.     The Court should dismiss Count III because: (1) as to some of the alleged actions taken against Plaintiff, there are no facts to support that they are adverse actions; and (2) Plaintiff does not plead any facts establishing a causal connection between his alleged protected activity and any alleged adverse action.

14.     The Court should strike Plaintiff's pleas for damages and relief pursuant to Title VII and for damages pursuant to the ADEA because there are no Title VII or ADEA claims.

## **STANDARD FOR MOTION TO DISMISS**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient facts, which, accepted as true, state a claim for relief that is "plausible on its face." *Norton v. Broward County School Board*, Case No. 24-cv-61874-ALTMAN, 2025 WL 2958788, at *2 (S.D. Fla. Oct. 20, 2025) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). "To meet this 'plausibility standard,' a plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Norton*, 2025 WL 2958788, at *2 (*citing Twombly*, 550 U.S. at 556).

A complaint does not have to have detailed factual allegations, but a plaintiff must plead more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Norton*, 2025 WL 2958788, at *2 (*quoting Twombly*, 550 U.S. at 555). A plaintiff must also plead "more than a sheer possibility that a defendant has acted unlawfully." *Norton*, 2025 WL 2958788, at *2 (*citing Iqbal*, 556 U.S. at 678).

## **ARGUMENT AND CITATION OF AUTHORITY**

### **POINT I**

**THE COURT SHOULD DISMISS COUNT III BECAUSE PLAINTIFF DOES NOT ESTABLISH A PRIMA FACIE CASE OF RETALIATION UNDER THE ADA.**

To state a claim for retaliation under the ADA, Plaintiff must plead facts alleging that (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment decision; and (3) the decision was causally related to his protected activity. *See Ramos v. University of Miami*, Case No. 21-cv-22151-BLOOM/McAliley, 2021 WL 4949160, at *5 (S.D. Fla. Oct. 25, 2021) (*citing Powell v. Space Coast Credit Union*, Case No. 6:15-cv-550-Orl-22TBS, 2015 WL 9664963, at *5 (M.D. Fla. Dec. 23, 2015) (*citing Harper v. Blockbuster Entm't Corp.*, 139 F.3d

1385, 1388 (11th Cir. 1998))). The protected activity must be the "but for" cause of the adverse action. *See Univ. of Texas Southwestern Med. Ctr. v. Nassar*, 570 U.S. 338 (2013).

With respect to the second element, a materially adverse action in the retaliation context is one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68 (2006);[1] *see also  Hughes v. Nestor*, Case No. 8:25-cv-02506-AAS, 2026 WL 592619, at *7 (M.D. Fla. Mar. 3, 2026) (*citing Ounjian v. Globoforce, Inc.*, 89 F.4th 852, 858 (11th Cir. 2023)); *Lott v. Tampa Bay Workforce Alliance, Inc.*, Case No. 8:25-cv-1509-WFJ-CPT, 2026 WL 234006, at *6  (M.D. Fla. Jan. 29, 2026).

For example, it has been held that a 37-day suspension without pay, reassignment of a worker to a new position with less prestige and responsibility, and negative performance reviews linked to a denial of a merit pay increase constitute adverse employment actions. *See Burlington*, 548 U.S. at 70–71; *Holland v. Gee*, 677 F.3d 1047, 1058 (11th Cir. 2012); *Crawford v. Carroll*, 529 F.3d 961, 973-74 (11th Cir. 2008).

However, "trivial harms" and "petty slights," *Burlington Northern*, 548 U.S. at 68, such as a supervisor's "oral . . . criticisms," unconnected to any "tangible job consequences," do not constitute a materially adverse action. *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1241 (11th Cir. 2001). *See Juback v. Michaels Stores, Inc.*, 143 F. Supp. 3d 1195, 1206 (M.D. Fla. 2015) (quoting *Givens v. Chambers*, 548 F. Supp. 2d 1259, 1271 (M.D. Ala. 2008)) ("courts have concluded a supervisor's public and loud verbal criticisms are insufficient to satisfy the adverse employment action requirement."); *id.* (citing *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253,

---

[1]    In *Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346 (2024) the court made clear that its adverse action standard does not apply to retaliation claims and leaves untouched the *Burlington Northern* standard, which held that such a claim requires a "materially adverse" action. *See Burlington Northern*, 548 U.S. 53 (2006).

1268 (11th Cir. 2010)) ("The loss of a salary for a period of months, weeks, or days is a 'materially adverse' action which well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.").

In *Higdon v. Jackson*, 393 F.3d 1211, 1219 (11th Cir. 2004), the plaintiff claimed that after she exercised her rights under the ADA, she suffered a materially adverse action when a supervisor approached her on several occasions and, in front of other customers, accused her of not coming to the office on the correct day and stated that the employees were watching her. *Higdon*, 393 F.3d at 1219. In finding that this conduct would not dissuade a reasonable employee from engaging in protected activity, the Eleventh Circuit noted the absence of any "tangible negative effect" on plaintiff. *See id.* (citing *Davis*, 245 F.3d at 1239) ("Higdon's evidence shows a contentious relationship with Eberhardt, but there was no 'tangible negative effect' on Higdon."). *See also id.* at 1219–20 ("Higdon alleges that Eberhardt was rude, but this Court has repeatedly stated that the civil rights laws were not intended to be a civility code. Higdon's complaint of retaliation against Eberhardt fails."). Since the supervisor's alleged conduct was not sufficiently material, and the plaintiff failed to tie such conduct to any tangible harm, she was unable to satisfy the "materially adverse" standard set forth in *Burlington Northern*. *See Metz v. Home Depot, U.S.A., Inc.*, 2007 WL 3231795, at *9 (M.D. Fla. Oct. 30, 2007) (quoting *Burlington*, 548 U.S. at 67) ("Although this provision encompasses more than 'acts that affect the terms and conditions of employment,' it 'protects an individual not from all retaliation, but from retaliation that produces an injury or harm.'").

As illustrated in *Higdon*, the standard for "materially adverse action" set forth in *Burlington Northern* is intended to "avoid the uncertainties and unfair discrepancies that can plague a judicial effort to determine a plaintiff's unusual subjective feelings." *Burlington*, 548 U.S. at 68-69. In

*Foshee v. Ascension Health-IS, Inc.*, 384 Fed. Appx. 890 (11th Cir. 2010), the plaintiff argued that being forced to attend counseling sessions constituted an adverse action under *Burlington Northern* because they placed her closer to termination and increased her stress level. *Foshee*, 384 Fed. Appx. 890, 892. In finding that Plaintiff failed to demonstrate an adverse action for purposes of her retaliation claim, the Eleventh Circuit noted that "[t]he materiality of the alleged adverse action is judged by an objective standard." *Id. See also id.* at 893 ("[W]e conclude that these actions are not sufficiently material that an objectively reasonable person would consider them materially adverse."). *See Medearis v. CVS Pharmacy, Inc.*, 646 Fed. Appx. 891, 897 (11th Cir. 2016) ("The claimed impact of the discrimination cannot be speculative and must at least have a tangible adverse effect on the plaintiff's employment when viewed by a reasonable person in the circumstances, *regardless of the employee's subjective view*.") (internal quotations omitted) (emphasis added); *Cabrera v. Secretary, Dep't. of Transp.,* 468 Fed. Appx. 939, 942 (11th Cir. 2012) (dismissing retaliation claim because although the employer's action was embarrassing to plaintiff it would not prevent an employee from filing a charge with the EEOC).

With respect to the third element, to establish a causal connection, Plaintiff must plead facts demonstrating "'that the protected activity and the adverse action were not *wholly unrelated*.'" *Su v. Broward County, Florida*, Case No. 0:23-CV-61385-CIV-DIMITROULEAS, 2024 WL 1236243, at *6 (S.D. Fla. Mar. 1, 2024) (*citing Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1180 n. 30 (11th Cir. 2003)). Plaintiff must also plead facts showing that the decision-makers were aware of the protected conduct at the time of the adverse employment action. *See Gonzalez v. Spitzer Autoworld Homestead, Inc.*, 672 F. Supp. 3d 1252, 1276 (S.D. Fla. 2023) (*citing Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000)).

**As to the Alleged Transfer and Written Warning, There Are No Facts Establishing That These Are Adverse Actions**

Plaintiff pleads three allegedly adverse actions: (1) transfer from the Front Desk to a room with Close Captioned TV; (2) prohibition from working overtime; and (3) a written warning ("Written Warning"). *See* DE 25 ¶¶ 22-24. As to numbers one (1) and three (3) above, Plaintiff's allegations, taken as true, fail to plead a materially adverse action, and therefore fail to state a cause of action for retaliation under the ADA.

First, Plaintiff cannot plead a materially adverse action merely by alleging that he was transferred from the Front Desk to a room with Close Captioned TV. "To establish an adverse employment action under the ADA, a plaintiff must demonstrate that a reasonable person in plaintiff's position would view the employment action in question as adverse." *Harikian v. G4S Secure Solutions (USA) Inc.*, Case No. 18-81201-CV-MIDDLEBROOKS, 2019 WL 13256264, at *6 (S.D. Fla. Apr. 8, 2019) (*citing Doe v. Dekalb Cty. School Dist.*, 145 F.3d 1441, 1448–49 (11th Cir. 1998)). The standard is objective, not subjective. *See id*. Moreover, any adversity must be material; it is not enough that a transfer imposes some *de minimis* inconvenience or alteration of responsibilities. *See id*. (*citing Doe*, 145 F.3d at 1453). Plaintiff "'must demonstrate that a reasonable person in his position would have found his transfer to be adverse under all the facts and circumstances.'" *Id.* (*quoting Doe*, 145 F.3d at 1453). "'Transfers that result in lesser pay, responsibilities, or prestige ... [or] that involve arduous travel or that impede an employee's professional growth or advancement' constitute adverse actions and are violative of the ADA." *Id*. (*quoting Doe*, 145 F.3d at 1452).

There are no facts about the impact of the transfer. Plaintiff does not plead that the transfer resulted in lesser pay, responsibilities, prestige, arduous travel or anything else that might cause

the transfer to be considered an adverse employment action. Therefore, as to the transfer, Plaintiff has not sufficiently pled an adverse employment action.

Second, Plaintiff cannot plead a materially adverse action merely by alleging that he received the Written Warning. *See* DE 25, ¶ 24. Reprimanding "an employee does not constitute an adverse employment action when the employee suffers no tangible harm as a result." *Espana v. Computer Aid, Inc.*, Case No. 16-cv-81697-Brannon, 2018 WL 3413025, at *4 (S.D. Fla. Jun. 13, 2018) (*citing Summerlin v. M&H Valve Co.*, 167 Fed. Appx. 93, 97 (11th Cir. 2006)). Plaintiff does not plead how he suffered any tangible harm because of the alleged Written Warning. Accordingly, as to the Written Warning, Plaintiff has not sufficiently pled an adverse employment action.

**Plaintiff Does Not Sufficiently Plead a Causal Connection.**

As to the alleged denial of overtime and transfer, Plaintiff does not plead who the decision-makers were for either allegedly adverse action. Instead, Plaintiff vaguely alleges that "[t]he transfer and the prohibition from working overtime would have been made by Defendant's police management including and up to the Police Chief." *See* DE 25 ¶ 22. The foregoing is not a fact, it is a vague, non-specific, catch-all.

Moreover, as to the alleged denial of overtime, there are no facts about specific instances of Plaintiff being denied overtime. Instead, Plaintiff continues with his vague, catch-all approach alleging that "most of 2023" he was denied overtime. There are no facts about specifically when, how, or who denied Plaintiff overtime.

As to the Written Warning, there also is no causal connection. In terms of identifying a decision maker, Plaintiff again goes with his vague, catch-all approach, loosely alleging that the Written Warning "was reviewed and/or approved by Police Management including those

previously identified as involved in the prohibited medical inquiry including the Police Chief, Deputy Chief, and Assistant Chief." *See* DE 25 ¶ 24. In other words, Plaintiff has no idea who the decision-maker(s) was/were for the Written Warning. Further, there are no facts connecting the Written Warning to Plaintiff's alleged protected activity. The most Plaintiff can muster is the conclusion that the "decision-makers" were aware of Plaintiff's alleged protected activity. This is not enough.[2]

Since Plaintiff fails to allege a materially adverse action and causation for his retaliation claim, the Court should dismiss Count III with prejudice.

### POINT II

**THE COURT SHOULD STRIKE PLAINTIFF'S CLAIMS FOR DAMAGES AND RELIEF UNDER TITLE VII AND THE ADEA BECAUSE PLAINTIFF DOES NOT HAVE ANY TITLE VII OR ADEA CAUSES OF ACTION.**

"The Federal Rules of Civil Procedure provide that 'the court may order stricken from any pleading ... any redundant, immaterial, impertinent or scandalous matter.'" *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017) (*citing* Fed. R. Civ. P. 12(f)). "The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." *Blake*, 318 F.R.D. at 700.

Despite not having any claims pursuant to Title VII and ADEA, Plaintiff seeks damages under both statutes, and additional relief under Title VII. Specifically, in paragraph one of the Second Amended Complaint, Plaintiff pleads that he is seeking damages under Title VII and the ADEA. *See* DE 25 ¶ 1.

---

[2]     Since there are no facts establishing that the Written Warning and alleged transfer are adverse actions, the Court does not have to reach the issue of causation on these points.

9

Additionally, in each of the WHEREFORE clauses following Counts I-III, Plaintiff seeks damages and additional relief under Title VII. *See* DE 25 pp. 6, 7, 9.

Since Plaintiff does not have any causes of action under Title VII or the ADEA, he is not entitled to damages and/or relief under either statute. Therefore, the Court should strike any claim for damages/relief pursuant to Title VII and/or the ADEA.

## **CONCLUSION**

Based on the foregoing, the City respectfully requests the Court grant this Motion and dismiss Count III with prejudice and strike Plaintiff's claims for damages and relief under Title VII and the ADEA.

Respectfully submitted,

By: /s/*Michael L. Elkins*
Michael L. Elkins, Esq.
Florida Bar No. 523781
melkins@mlelawfirm.com
**MLE LAW**
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
Telephone: 954.401.2608
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 7, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Michael L. Elkins*
Michael L. Elkins

## SERVICE LIST

CASE NO.: 1:25-cv-24762-JB

Teri Guttman Valdes
tgvaldes@aol.com
**TERI GUTTMAN VALDES, LLC**
1501 Venera Avenue, Suite 300
Coral Gables, FL 33146
Tel.: 305-740-9600
 *Counsel for Plaintiff*

11