UNITED STATES DISTRICT COURT
SOUTH DISTRICT OF FLORIDA

CASE NO. 25-cv-24762-JB

ERIC SCHULTZ,
        Plaintiff,


vs.


CITY OF MIAMI BEACH, FLORIDA,
a Florida municipal corporation,
        Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, ERIC SCHULTZ, by and through his undersigned counsel and in accordance with Rule 7, Fed.R.Civ.P. and Local Rule 7.1, submits this Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law and states as follows:

1.     Plaintiff filed his Second Amended Complaint [DE 25] on March 17, 2026, setting forth three  counts against Defendant: Count I asserts a claim for violation of the Americans with Disabilities Act based on a prohibited medical inquiry, Count II alleges a violation of the Americans with Disabilities Act based on "regarded as" discrimination, and Count III alleges retaliation in violation of the Americans with Disabilities Act.

2.     Defendant filed its Motion to Dismiss Count III of Plaintiff's Second Amended Complaint with Prejudice, Motion to Strike Plaintiff's Claim for Damages and Relief under Title VII and Damages under the ADEA and Incorporated Memorandum of Law [DE 28] on April 7, 2026 asserting that Plaintiff claims do not constitute adverse employment actions and that Plaintiff has

failed to plead a causal connection between his protected activity and the adverse employment actions.

3.      Based on the arguments asserted herein, Plaintiff respectfully asserts that he has properly pled his claim for retaliation and Defendant's motion should be denied.  Alternatively, should this court determine otherwise, Plaintiff would request that he be afforded an opportunity to amend and further plead his claim and cure any pleading deficiency.

<u>**MEMORANDUM OF LAW**</u>

Rule 8(2)(a), Fed.R.Civ.P., provides in pertinent part that a pleading must contain "a short and plaint statement of the claims showing that the pleader is entitled to relief.  Applying this standard, the Supreme Court has explained the complaint "must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  Moreover, in order to survive a motion seeking dismissal based on failure to state a claim, a complaint does not need to contain "detailed factual <u>allegations</u>," rather it must contain sufficient factual allegations to suggest the <u>required </u>elements of a cause of action.  <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555 (2007).  More succinctly stated, the complaint should set forth "enough facts to state a claim to relief that is plausible on its face."  <u>Id</u>.  Plaintiff respectfully asserts that his claim for retaliation has been sufficiently pled and the motion to dismiss should be denied.

**I.      Plaintiff has properly pled a *prima facie* case of Retaliation under the ADA in Count III.**

Count III of Plaintiff's complaint alleges that he was subjected to retaliation in violation of the ADA after having engaged in protected activity.  Defendant's motion argues that Plaintiff's has not pled a *prima facie* cause of action because two (2) of the three (3) alleged adverse employment actions are not actionable and that he has failed to establish the third element necessary, a causal

connection.

The ADA expressly prohibits discrimination against one who opposes any action that is unlawful under the Act. 42 USC §12203(a). ADA retaliation is assessed under the same framework as Title VII retaliation: "To establish a *prima facie* case of retaliation, a plaintiff must show: (1) statutorily protected expression; (2) adverse employment action; and (3) a causal link between the protected expression and the adverse action." Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1287 (11th Cir. 1997). Defendant's argument only challenges the second and third prongs of the analysis.

First, it is undisputed and Defendant does not challenge that Plaintiff engaged in protected activity. The second prong necessary for retaliation is an adverse employment action. Plaintiff has alleged that he was prohibited from working overtime (he previously worked 60-80 hours of overtime per pay period), received a putative transfer and was issued a disciplinary written warning. It is important to note that Defendant does not challenge that Plaintiff's prohibition from working overtime as an adverse employment action, thus Plaintiff has met the second prong, in that regard. Defendant solely challenges that the transfer and written warning are not materially adverse employment actions. An adverse employment action in the context of retaliation is something that "could well dissuade a reasonable worker" from engaging in protected activity. Burlington N. & Santa Fe Ry. Co. V. White, 548 U.S. 53, 57 (2006). There are instances when written warnings should be considered as adverse employment actions. In Plaintiff's case, he has been a police officer for over 25 years and worked many significant positions during his tenure with the Defendant. Thus, receiving a written warning could arguably dissuade him from engaging in protected activity. *See* DeSoto v. GEICO, 2022 WL 2643916 (M.D. Fl. 2022). Additionally, a putative transfer from working the front desk of

-3-

Defendant's police headquarters to an office with only a closed circuit television when taken as a whole and in conjunction with the other adverse employment actions alleged would dissuade an employee from engaging in protected activity. *See* Shannon v. Bellsouth Telecomms., Inc., 292 F.3d 712, 716 (11th Cir.2002) ("While the other actions of which [the plaintiff] complains might not have individually risen to the level of adverse employment action ..., when those actions are considered collectively, the total weight of them [can] constitute an adverse employment action." (internal quotation and citation omitted)).  Plaintiff's allegations should withstand the motion to dismiss.

As to the third prong, a causal connection, Plaintiff has sufficiently alleged a causal connection in his Second Amended Complaint.  Plaintiff has alleged that he was required to attend the ADA accommodation meeting on March 16, 2023 and on March 29, 2023 the City advised he was being required to attend a Fitness for Duty examination on April 12, 2023.  Plaintiff objected to the prohibited medical inquiry.  During this time period that he was subjected the prohibited medical inquiry, from March until December 2023, he was transferred from the Front Desk to a room with a Close Captioned TV, prohibited from working any overtime (he previously worked 60-80 hours of overtime per 2 week pay period) and issued written disciplinary action.

Defendant argues that Plaintiff has not pled who the decision-makers were for the denial of overtime and the transfer sufficiently to withstand a motion to dismiss.  Plaintiff has alleged that Police Management/Command, including Police Chief Rick Clemens, Deputy Chief Wayne Jones and Assistant Police Chief Paul Acosta were aware of Plaintiff's protected activity.  (See DE 25, ¶12-13) Interestingly, the prohibited medical inquiry was based on observations by "Police Management". (See DE 25, ¶17) Defendant acknowledges that Plaintiff has pled the decision-makers as to the transfer and prohibition from working overtime were Defendant's previously identified "police

management" and the Police Chief.  This is not "vague" as argued by Defendant.  Defendant next argues that Plaintiff has not specifically alleged specific instances of being denied overtime.  This argument overlooks the specific allegations in the complaint which are that Plaintiff was prohibited from working overtime and that prior to the prohibited medical inquiry and his objections thereto, he routinely worked 60-80 hours of overtime a pay period.  As set forth in Shannon v. Bellsouth Telecommunications, Inc., 292 F.3d 712,716 (11th Cir. 2002), "In *Bass*, where the Plaintiff alleged, among other things, that he was denied overtime opportunities, we held that employer actions that 'deprived [the employee] of compensation to which he otherwise would have earned clearly constitute adverse employment actions for purposes of Title VII.' 256 F.3d at 1118."

Next, Defendant asserts that Plaintiff has failed to allege a causal connection as to the written warning.  Specifically, Defendant argues that Plaintiff has "no idea" as to who the decision-makers were  and failed to properly allege this prong.  Plaintiff is employed by Defendant and works within its police department which operates with a chain of command.  Plaintiff has alleged that the Written Warning was "reviewed and/or approved" by supervisors including the Police Chief, Deputy Chief and Assistant Chief.  Plaintiff has specifically alleged all elements necessary to his retaliation claim including the protected activity, the adverse actions and that the decision-makers as to the adverse actions were aware of the protected activity.  Defendant's arguments as to causation, therefore, must fail. Plaintiff's allegations are sufficient to demonstrate a causal connection for the third prong of the retaliation claim and are sufficient to withstand this motion to dismiss.

## II.	Plaintiff' Claims for Damages.

Defendant's final argument is that Plaintiff's claims for damages under Title VII and the ADEA should be stricken.  Plaintiff agrees his claims for damages are pursuant to the ADA in the

Second Amended Complaint.

WHEREFORE, it is respectfully requested that this Honorable Court enter an Order denying Defendant's Motion to Dismiss.  While Plaintiff believes his claims are properly alleged to withstand Defendant's motion, should the Court determine otherwise, Plaintiff should be afforded the opportunity to cure any such pleading deficiency and be granted leave to amend.

Respectfully Submitted,

TERI GUTTMAN VALDES LLC
Counsel for Plaintiff
1533 Sunset Drive, Suite 225
Coral Gables, Florida 33143
Telephone: (305) 740-9600


By:     /s/Teri Guttman Valdes
        Teri Guttman Valdes
        Florida Bar No. 0010741